UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FURNISHARE INC., | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-02245 (PAE) |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and STATE FARM INDEMNITY COMPANY, | **JUDGMENT** |
| Defendants. | |

WHEREAS this action addresses the respective rights and obligations of the parties under three liability policies issued to Plaintiff Furnishare Inc., including Primary CGL Policy No. 680-9M698144-20-42 issued by Defendant The Travelers Indemnity Company of Connecticut and Excess CGL Policy No. CUP-9M702322-20-42 issued by Travelers Property Casualty Company of America (the "CGL/Excess Policies") and Standard Car Policy No. 132 9281 – B03 – 30 issued by Defendant State Farm Indemnity Company (the "Auto Policy");

WHEREAS the claims at issue in this action arise from an incident at the Textile Building Condominiums at 66 Leonard Street, New York, NY, in which a couch being moved from a condominium by Furnishare employees accidentally struck a sprinkler head in an interior stairwell, allegedly causing substantial water damage to real and personal property inside the building (the "Incident");

WHEREAS various claims and suits have been asserted against Furnishare arising from the Incident, and more claims are expected to be filed;

WHEREAS Plaintiff Furnishare Inc. brought this action against the Travelers Defendants on January 31, 2022 in the Supreme Court of the State of New York, County of New York and amended the Complaint on March 17, 2022 to include, *inter alia*, alternative claims against State Farm;

WHEREAS the Travelers Defendants (The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America) removed the action on March 18, 2022;

WHEREAS on May 16, 2022, Furnishare filed a Second Amended Complaint, containing Count I (Declaratory Relief against the Travelers Defendants), Count II (Breach of Contract against the Travelers Defendants), and Count III (Declaratory Relief against State Farm Indemnity Company);

WHEREAS on June 6, 2022 State Farm filed its Answer, denying Furnishare's claims and asserting a Cross Claim Against the Travelers Companies;

WHEREAS on July 12, 2022, the Travelers Defendants filed their Answer, denying Furnishare's claims and State Farm's Cross Claim and asserting Counterclaim I for declaratory relief against Furnishare and Cross-Claim I for declaratory relief against State Farm;

WHEREAS all parties have denied the respective counterclaims and crossclaims asserted against them;

WHEREAS on April 27, 2023, the Court issued an Opinion and Order granting the partial summary judgment motion brought by Furnishare and the summary judgment motion brought by State Farm and denying the summary judgment motion brought by the Travelers Defendants;

WHEREAS on May 22, 2023, Plaintiff filed a Stipulation of Voluntary Partial Dismissal Without Prejudice dismissing the Second Cause of Action (Breach of Contract) without prejudice;

NOW it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to Count I of Furnishare's Second Amended Complaint and pursuant State Farm's Cross Claim, the Court declares that Defendant The Travelers Indemnity Company of Connecticut is solely obligated under the terms of Primary CGL Policy No. 680-9M698144-20-42 under the terms of Excess CGL Policy No. CUP-9M702322-20-42 to defend Furnishare against any current or future lawsuits and to indemnify Furnishare against any current or future settlements and judgments arising from the Incident; and

2. Pursuant to Count I of Furnishare's Second Amended Complaint and pursuant to State Farm's Cross Claim, the Court declares that upon exhaustion of the limits of the Primary CGL Policy, Travelers Property Casualty Company of America Excess is solely obligated under the terms of Excess CGL Policy No. CUP-9M702322-20-42 to defend Furnishare against any then-pending or future lawsuits and to indemnify Furnishare against any then-pending or future settlements and judgments arising from the Incident, and the Court further declares that State Farm is not obligated to defend or indemnify Furnishare for any current or future settlements or judgments arising from the Incident;

3. The Court denies Furnishare's alternative request for declaratory relief against State Farm under Count 3 of Furnishare's Second Amended Complaint;

4. The Court denies the Travelers Defendants' request for declaratory relief against Furnishare under Counterclaim I of their Answer, Counterclaim and Cross-Claim;

5.  The Court denies the Travelers Defendants' request for declaratory relief against State Farm under Cross-Claim I of their Answer, Counterclaim and Cross-Claim;

6.  Except as so granted above, all other claims, counterclaims, cross-claims and prayers for relief are denied.

ENTER:

*Paul A. Engelmayer*
Hon. Paul A. Engelmayer
United States District Judge
May 25, 2023